IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH CHARLES JOHNSON and          :
JANELLE ROLLINS, his wife,          :
                                    :
                Plaintiffs,         :
            v.                      :        CIVIL ACTION NO. 3:14-CV-560
                                    :
BETH DAVENPORT and                  :        (JUDGE KOSIK)
VICTORIA L. MURPHY,                 :                    FILED
                                    :                    SCRANTON
                Defendants.         :
                                             DEC 2 1 2016

                                             PER _____
                                                    DEPUTY CLERK

### MEMORANDUM

The instant tort action arises from a motor vehicle accident wherein Plaintiffs, Keith

Charles Johnson ("Johnson") and Janelle Rollins ("Rollins"), his wife, allegedly suffered injuries

caused by Defendant Victoria L. Murphy ("Murphy") while driving Defendant Beth Davenport's

("Davenport"), Jeep Wrangler on Interstate 80 in New Jersey. (Doc. 1, Complaint). Before the

Court is a motion for summary judgment (Doc. 17) filed by Defendants based upon an alleged

failure to satisfy the verbal threshold requirements of N.J.S.A. § 39:6A. This motion has been

fully briefed by both parties and is now ripe for disposition. This Court has subject matter

jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity jurisdiction.[1]

### I. Background

On March 29, 2012, while traveling on Interstate 80 in Morris County, New Jersey,

Plaintiffs were struck from behind by Defendant Davenport's Jeep Wrangler, being driven by

---

[1] Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendants are citizens of the State of New Jersey. (Doc. 1, Complaint, at ¶¶ 1-3; Doc. 4, Answer, at ¶¶ 1-3).

Defendant Murphy. (Doc. 1, Complaint, at ¶¶ 6, 8-9; Doc. 17, Defs.' MSJ, at ¶¶ 3 and 4; Doc. 18, Pltfs.' Answer to MSJ, at ¶¶ 3 and 4). As a result of the accident, Plaintiff Johnson alleges he suffers from pain and soreness in his back, hip, and thigh area, and pain from the left calf area down to and across his foot to his left big toe (Doc. 18-4, Johnson Dep., at 13-15).

Plaintiff Johnson has been seen by a number of doctors as a result of this incident. He was seen by his primary care physician, Dr. Chityatt in New York City, where Johnson works, and was then referred to Dr. Balkin, a physiatrist. Dr. Perna continued the care for Johnson once Dr. Balkin left the practice. Johnson had an MRI of his lumbar spine and a number of epidural injections. (Doc. 23-1, Pltfs.' SMF, Ex. A, Dr. Epstein Report). The MRI of the lumbar spine showed a large left foraminal herniated disc at L5-S1, broad disc bulges at L3-4 and L4-5, and a small central herniated disc at L4-5. (Doc. 18-2, Johnson MRI Report). He underwent laser surgery in Texas with Dr. Williams on May 1, 2014. (Doc. 23-1, Pltfs.' SMF, Ex. A, Dr. Epstein Report; Doc. 18-4, Johnson Dep., at 29). Johnson was later examined by Dr. Epstein of Northeastern Rehabilitation Associates, P.C. on February 16, 2015. Dr. Epstein noted that Johnson's left L5 radiculopathy and the distribution of his symptoms were consistent with left L5 nerve root injury. (Doc. 23-1, Pltfs.' SMF, Ex. A, Dr. Epstein Report). Dr. Epstein provides that Johnson has evidence of left S1 radiculopathy and has lingering left L5-S1 symptoms. In an addendum to his February office note, Dr. Epstein added on June 1, 2016, that Johnson's left L5 radiculopathy and left S1 radiculopathy, with lumbar disc protrusion (associated annular tear), all constitute serious bodily injuries and are referable to the motor vehicle accident. (Id.)

Like her husband, Plaintiff Rollins has also seen a number of doctors since the incident. As a result of the accident, Rollins alleges she suffered injuries to the back of her head, her lower

neck and back, and overall bodily soreness. (Doc. 18-6, Rollins Dep., at 23-24). A MRI of her

lumbar spine indicates Rollins has an annular tear at the L4/L5 level as well as a mild disc bulge

at the L5/S1 level (Doc. 18-5, Rollins MRI Report). Dr. Epstein also examined Rollins and

found a history of cervical sprain/strain referable to the accident. Dr. Epstein further noted that

she has a bilateral sacroiliac sprain/strain and bilateral lower lumbar facet sprain/strain also

referable to the accident. (Doc. 23-2, Pltfs.' SMF, Ex. B, Dr. Epstein Report). Dr. Epstein also

provided an addendum to his initial report for Rollins and states that her diagnoses of cervical

sprain/strain and sacroiliac sprain/strain both constitute serious bodily injuries and are a result of

the auto accident. (Id.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a

reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477

U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case.

Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court

must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time

Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec. Co., 862 F.2d

56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court

3

of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief." U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, at *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2-3).

## III. DISCUSSION

### A. Applicability of the Deemer Statute

The parties do not dispute that New Jersey law applies to this cause of action.[2] In New Jersey, the Automobile Insurance Cost Reduction Act ("AICRA") was enacted to control the rising cost of automobile insurance and to achieve lower insurance premiums. See N.J.S.A. § 39:6A-1.1, et seq.; Dyszel v. Marks, 6 F.3d 116, 119-20 (3d Cir. 1993). Limitations were established under AICRA in filing lawsuits for non-economic damages in automobile cases and was intended to foreclose recovery for injuries that are not serious or permanent. See Serrano v. Serrano, 874 A.2d 1058, 1062 (N.J. 2005).

Persons buying automobile insurance choose between two types of coverage - full tort

---

[2] Given that both parties agree that New Jersey law applies, we will not engage in a choice of law analysis. However, we note an analogous case, Tanicello v. Sheg Xiao, Civ. No. 95-7666, 1996 WL 547206 (E.D. Pa. 1996), in which the court engaged in a thorough choice of law analysis and found that New Jersey law, and not Pennsylvania law, was the applicable law to apply in the motor vehicle accident case. The choice of law analysis by the Tanicello court is applicable to the case at bar, and for those reasons, we find that New Jersey law applies.

and basic tort. The full or traditional tort option, allows unrestricted recovery of non-economic

damages. N.J.S.A. § 39:6A-8(b). The insured who elects that option pays a higher premium in

return for the unlimited right to sue. The basic tort option, also known as the "verbal threshold"

option, allows recovery for non-economic losses only if the injuries fall into one or more of six

enumerated statutory categories. N.J.S.A. § 39:6A-8(a). Those categories of injuries are: (1)

death; (2) dismemberment; (3) significant disfigurement or significant scarring; (4) displaced

fractures; (5) loss of fetus; or (6) a permanent injury within a reasonable degree of medical

probability, other than scarring or disfigurement. N.J S.A. § 39:6A-8(a).[3] An injury is

considered to be permanent "when the body part or organ, or both, has not healed to function

normally and will not heal to function normally with further medical treatment." Id.

The Tanicello court explained the New Jersey "deemer" statute as follows:

> The two options of tort recovery are not available to non-resident
> insureds. All non-resident insureds who purchase insurance from a
> company licensed in both New Jersey and in their home state are
> "deemed" by operation of law to have selected the basic tort option,
> that is, the "verbal threshold," under New Jersey law. This is true
> whether or not the out-of-state insured has full coverage in his home
> state policy, including coverage for non-economic injuries. The
> deemer statute only applies if the nonresident insured purchased his
> policy from an insurance company which is licensed both in New
> Jersey and in another state in the United States or a province of
> Canada. If the insurer is not licensed to do business in New Jersey,
> the deemer statute does not bar a non-resident's claim for non-
> economic losses.

Tanicello v. Sheg Xiao, Civ. No. 95-7666, 1996 WL 547206, at *3 (E.D. Pa. 1996). The Third

Circuit has similarly explained that the "deemer statute limits the right of non-residents of New

Jersey to sue for non-economic (pain and suffering) loss by automatically assigning the so called

---

[3] This statute is known as the "Deemer" statute.

verbal threshold tort option under N.J.S.A. § 39:6A-8(a) to out-of-state residents involved in

accidents occurring in the State of New Jersey, solely on the basis of whether their automobile

(auto) insurance carrier is authorized to transact business in the State of New Jersey." Dyszel v.

Marks, 6 F.3d 116, 119 (3d Cir. 1993).

In the instant action, at the time of the alleged personal injuries arising form the motor

vehicle accident, both Defendants were citizens of New Jersey and insured under a New Jersey

policy of insurance. Both Plaintiffs were citizens of the Commonwealth of Pennsylvania.

Additionally, Plaintiffs were insured by Geico, a corporation licensed to transact business in New

Jersey. As such, Plaintiffs are "deemed" by operation of New Jersey law, to have selected the

basic tort option, that is, the verbal threshold option. N.J.S.A. § 17:28-1.4. Thus, they cannot

recover non-economic losses unless their bodily injury is of a type or degree that falls within one

of the six statutorily enumerated categories. See N.J.S.A. § 39:6A-8(a). Therefore, we now must

determine whether Plaintiffs have met the requirements of the verbal threshold in order to defeat

Defendants' motion for summary judgment.

**B. Verbal Threshold**

To overcome the verbal threshold, AICRA requires that, within 60 days following the

answer to the complaint, a plaintiff must, "provide the defendant with a certification from the

licensed treating physician or a board-certified licensed physician to whom the plaintiff was

referred by the treating physician" stating that the plaintiff has suffered a statutorily described

injury. Id.[4] A court may grant summary judgment if the certification does not rely on objective

---

[4] The Court has no knowledge of, and a review of the record reveals, that no physician certification was filed by Plaintiffs. The only medical report supplied by the Plaintiffs of record are reports authored by Dr. Epstein attached to Plaintiffs' statement of material fact as exhibits (Doc. 23-1 and 23-2). These two reports, however, fall

medical evidence. See Davidson v. Slater, 914 A.2d 282 (N.J. 2007). Objective medical

evidence must be derived from accepted diagnostic tests and cannot be "dependent entirely upon

subjective patient response." Id. at 291 (quoting N.J. Stat. Ann. § 39:6A-8(a)). Accepted

diagnostic tests are listed in the New Jersey Administrative Code. See N.J.S.A. § 39:6A-4.7; N.J.

Admin Code § 11:3-4.5.

Courts have found that "[e]vidence of bulging discs ... [is] sufficient to overcome a motion

for summary judgment for failure to meet the verbal threshold requirement." Ort v. Quiver Farms

Projects, Inc., Civ. No. 3:12–4630, 2014 WL 2805270, at *3 (D. N.J. June 20, 2014) (citing

Pollner v. Perry, Civ. No. A-2125-04T32125, 2005 WL 2708876, at *2 (N.J. Super. Ct. App. Div.

Oct. 24, 2005)). The existence of a herniated disc also satisfies the verbal threshold. Pardo v.

Dominguez, 889 A.2d 1099, 1011 (N.J. Super. Ct. App. Div. 2006); see also Bennett v. Lugo, 847

A.2d 14, 21 (N.J. Super Ct. App. Div. 2004) (stating that "if a jury finds that plaintiff's disc

herniation has been caused by the current accident, the jury can likewise reasonably find that the

injury is serious and permanent") (citing Serrano v. Serrano, 843 A.2d 358 (N.J. Super. Ct. App.

Div. 2004), rev'd on other grounds, 874 A.2d 1058 (N.J. 2005) (providing that a herniated disc is

an example of a serious and permanent injury).

Here, Defendants argue that Plaintiffs have not produced the requisite medical evidence to

meet the verbal threshold, which would allow Plaintiffs' case to proceed for non-economic loss.

---

short of the statutory requirements for a certification. See N.J.S.A. 39:6A-8(a). Despite this apparent error,
Defendants do not raise this issue in their current motion. Nevertheless, we note that had Defendants moved for
dismissal on this basis, the dismissal at this time, after the expiration of the statute of limitations, would operate, as a
matter of law, as a dismissal with prejudice. However, because Plaintiffs' losses as a result of the accident include
economic losses, these claims will be the subject of a trial, and there would be no basis in fairness or equity to
dismiss the non-economic claims of the complaint. If the Defendants' motion is granted, no trial will be avoided.
See Thomasson v. McQuown, 816 A.2d 1090, 1095 (N.J. Super. Ct. App. Div. 2002).

Specifically, Defendants state that Plaintiffs produced no objective medical evidence that either of

Plaintiffs' alleged injures are permanent.  Plaintiffs provide a scant record for the Court to review.

Plaintiffs appear to rely on Dr. Epstein's reports, opining that both Plaintiffs sustained serious

bodily injuries as a result of the motor vehicle accident.[5]  Dr. Epstein notes that Plaintiff Keith

Johnson's injuries involve "the left L5 radiculopathy and left S1 radiculopathy, with lumbar disc

protrusion (associated annular tear)...."  With regards to Plaintiff Janelle Rollins, Dr. Epstein notes

that she has a diagnosis "of cervical sprain/strain, [and] sacroiliac sprain/strain."  The Plaintiffs

further rely on the objective medical evidence in the form of MRI's.  Plaintiff Keith Johnson's

MRI reveals a "L5-S1 large left foraminal herniated disc leading to marked left foraminal stenosis

and impinging on the exiting left L5 nerve root"; "Broad disc bulges"; and "L4-5 small central

herniated disc."  (Doc. 18-2).  Plaintiff Janelle Rollins's MRI reveals a "central annular tear at

L4/L5 level"; and mild disc bulge at the L5/S1 level.  (Doc. 18-5).

The Court's inquiry on Defendants' motion is whether Plaintiffs' injuries are supported by

objective medical evidence that, if believed by the fact-finder, would constitute a permanent

injury and, if so, whether the evidence demonstrates a genuine issue of material fact regarding the

nature and extent of Plaintiffs' injuries.  See Oswin v. Shaw, 609 A.2d 415 (N.J. 1992); Branca v.

Matthews, 317 F. Supp. 2d 533, 539 (D.N.J. 2004).  We find that Plaintiffs have provided

sufficient objective medical evidence to satisfy the verbal threshold.  Plaintiffs' injuries were

diagnosed through MRI studies, which are clearly objective medical evidence.  Dr. Epstein, in

addition to his examination and review of patient history, determined that the symptoms and

findings with regards to both Plaintiffs are serious and directly related to the motor vehicle

[5] Neither report, however, explicitly opines that any of the injuries were "permanent."

8

accident.  Furthermore, New Jersey courts have determined that findings of a herniated disc and disc bulges are sufficient to meet the "permanent injury" required for an individual to meet the verbal threshold.  See Pardo, 889 A.2d at 1101; Pollner, 2005 WL 2708876, at *2.

Finally, irrespective of Dr. Epstein's failure to state that Plaintiffs' injuries are permanent, there is sufficient objective medical evidence that, if believed by the fact-finder, would constitute a permanent injury.  See Ort, 2014 WL 2805270, at *4.  Accordingly, the Court finds that the medical evidence submitted by Plaintiffs is sufficient to create a genuine issue of material fact as to whether or not Plaintiffs would meet the verbal threshold if it applied to them.  As such, Defendants' motion will be denied.

## IV. Conclusion

For the foregoing reasons, we will deny Defendants' motion for summary judgment and grant summary judgment in favor of the Plaintiff.  An appropriate order follows.